RICHARD WOOLLEY v. JOSEPH SCHMAL.

COMMISSION FOR SALE NOT EARNED BY FINDING LESSOR WITH PRIVILEGE OF PURCHASE.

An agreement to pay a commission to a real estate agent if he should find a purchaser for certain real estate, does not entitle him to recover, when he only finds a person who is willing to take a lease for ten years with the privilege of purchasing.

Error to the Court of Common Pleas of Hamilton county.

COX, J.

In the court of common pleas a judgment was rendered in favor of plaintiff against the defendants Richard Woolley, Jr., Edgar Woolley and Catharine Woolley, executors of the last will of Richard Woolley, deceased, for the sum of $255.61, for money alleged by plaintiff below to be due to him from defendants as commissions on a contract with said executors, by which they agreed to pay him to find a purchaser for certain real estate in the city of Cincinnati.

Plaintiff alleged that he found a purchaser for the property, who was perfectly solvent, able and willing to purchase the same for the price named by defendants, to-wit, $11,250, and was accepted by said defendants.

Defendants, answering, admit that they are the executors of the last will of Richard Woolley, and that by it they are empowered to sell the real estate described, and deny all other allegations.

A motion was made for a new trial, on the ground that the verdict and judgment were against the law and the weight of evidence, and for errors in the charge of the court to the jury, and a refusal to give certain charges asked. The motion was overruled, and judgment rendered for plaintiff, to which defendants excepted.

We think this verdict and judgment were clearly against the weight of the evidence.

First—There was no testimony whatever that Catharine Woolley, one of the executors, ever united in the contract.

Second—There was no evidence that plaintiff furnished a purchaser for the property. He did produce a party who was able and willing and offered to take the property on a lease for ten years, with the privilege on his part to purchase it if he so desired, provided all the heirs would sign the lease.

The executors were willing to sign a deed for the property, but the purchaser wanted a lease with the privilege of purchase, and on his attorney informing him that the executors had no power under the will to lease the property, he declined to take unless the heirs would all sign such a lease.

The executors were not authorized by the will to lease the property, nor could they be required to obtain the consent of all the heirs.

Judgment reversed and remanded.

J. T. Harrison, for plaintiff in error.

Chambers & Stephens, for defendant in error.